SO ORDERED: August 25, 2006.

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RONALD A. BURNETTE | ) | CASE NO. 05-16125-AJM-7A |
| SANDRA K. BURNETTE | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |

**ORDER SUSTAINING IN PART AND OVERRULING IN PART
TRUSTEE'S OBJECTION TO DEBTORS' AMENDED EXEMPTIONS
AND ORDER DIRECTING DEBTORS TO TURN OVER PORTION OF REFUND**

The Debtors filed their voluntary petition for relief under chapter 7 of the Bankruptcy Code on August 16, 2005 (the "Petition Date"). The Debtors claimed as exempt the entire amount of their tax refund received for the tax year 2005. The Chapter 7 Trustee (the "Trustee") objected to the claim of exemption, alleging that the Debtors each were entitled only to a $300 exemption.

Hearing on the Trustee's objection was held on July 6, 2006 where the Trustee, Paul D. Gresk appeared and the Debtors appeared by counsel, Richard Mann. The

1

Court heard the arguments of counsel and took ruling on the matter under advisement. Counsel for the Debtors submitted legal authority in the hearing; the Trustee was given ten (10) days to submit legal authority but chose not to do so.   This entry shall constitute findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### *I.  Facts*

The Debtors' income tax return for the year ending 2005 reported total taxable income of $44,201, of which $33,511 (the "Pension Income") was from pension benefits paid from the Debtors' former employer, Indiana U.F.C.W. Union Locals and Retail Food Employers and $10,642 (the "Social Security Income")  was from social security benefits paid to both Debtors.[1]  The remaining $48 came from taxable interest ($8), tax refunds ($37) and capital gains ($3).  The Debtors were entitled to and received a federal tax refund of $4209 and a state tax refund of $45.  On Schedule C, the Debtors claimed the entire $4254 refund exempt.  The Trustee objected to the Debtors' claim of exemptions, claiming that the proportionate share of the refund attributable to income earned pre petition was property of the estate.  The Debtors, he argued, were allowed at best a collective exemption of $600.

### *II.  Discussion*

### *A.  Objection to Exemptions*

The exemptions available to a debtor are determined as of the petition date. *Matter of Zibman,* 268 F.3d 298, 300 (5th Cir. 2001).  Objections to a debtor's claim of

---

[1] The Debtors actually received $31,804 in social security benefits in 2005, but only $10,642 of that was taxable.

exemptions must be made within thirty (30) days. See, Fed. R. Bankr. P 4003. A claimed exemption is presumptively valid, and the objector bears the burden of proving the exemption's impropriety. *In re Carter*, 182 F.3d 1027, 1029-30, n.3 (9th Cir. 1999). The debtor nonetheless must state the basis for the exemption with particularity so that there is no ambiguity as to what property the debtor claims as exempt. *In re Kleinman,* 172 B.R. 764 (Bankr. S. D. N. Y. 1994).

### *B. Claimed Exemptions*

Indiana is an "opt out" state and therefore, a debtor domiciled in Indiana "opts out" of utilizing the exemptions set forth in Bankruptcy Code Section §522(d) and instead must utilize exemptions provided for under state law at Ind Code §34-55-10-2. *In re Kuhn,* 322 B.R. 377, 383 (Bankr. N. D. Ind. 2005); *In re Slentz*, 157 B.R. 418 (Bankr. N. D. Ind. 1993). In addition to the state law exemptions, a debtor may also utilize other exemptions available under federal nonbankruptcy law. See, *In re McDonald*, 279 B.R. 382, 384 (Bankr. D.C. 2002). Exemptions available under federal nonbankruptcy law include exemptions afforded social security benefits under 42 U.S.C. §407.

### *1. Social Security Benefits*

Of the Debtors' 2005 taxable income, 24% of it came from social security benefits [2]. Thus the portion of the refund attributable to the Social Security Income is $1020.96 [3]. The Debtors claim this amount is exempt from the Trustee's reach under

---

[2] $10,642 divided by $44,201 is 24.07%, rounded to 24%.

[3] $4254.00 times 24% is $1020.96.

3

42 U.S.C. §407 which provides, in part:

§407. Assignment: amendment of section

(a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

This section prohibits the assignment or transfer of future social security benefits *to be paid*. It also exempts those benefits that *have been paid* to the recipient as long as they retain their character as "moneys paid" - i.e. remain deposited in the debtor's account. Benefits paid and deposited in an account retain their exempt status because they continue to have the character of "moneys paid". See, *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973); *In re Lazin*, 217 B.R. 332 (Bankr. M. D. Fla. 1998).

The Trustee did not present evidence to suggest that the portion of the refund attributable to the Social Security Income no longer retained the character of "moneys paid" or that it was not on deposit as of the Petition Date. There was no evidence that the Debtors had invested or otherwise spent this portion of the refund as of the Petition Date. Thus, $1020.96 of the refund is exempt, the Trustee's objection to the Debtors' exemption of that portion is overruled, and that exemption is allowed.

### 2. Pension Benefits

Of the Debtors' 2005 taxable income, 76% [4] of it came from pension benefits, presumably received pursuant to the employer's benefit plan. Thus the portion of the

---

[4] $33,511 divided by $44,201 is 75.81%, rounded to 76%.

refund attributable to the Pension Income is $3233.04 [5]. The Debtors claim this portion of the refund is exempt from the Trustee's reach under Ind Code §34-55-10-2(b)(6).

The Debtors filed this bankruptcy case on August 16, 2005. The effective date of the amendments to Indiana's exemption statute was July 1, 2005, prior to the Petition Date. Thus, as of the Petition Date, Ind Code §34-55-10-2(b)(6) did not exist, only Ind Code §34-55-10-2(b) – with no subsection (6) – existed. Ind Code §34-55-10-2(b)(6) *did* exist prior to the effective July 1, 2005 amendment date, but, as a result of the amendments, was renumbered as Ind Code §34-55-10-2**(c)**(6).

The Court will presume that it is Ind Code §34-55-10-2**(c)**(6) which the Debtors allege exempts the portion of the refund attributable to the Pension Income. That section provides:

> (c)  The following property of a debtor domiciled in Indiana is exempt:
> (6)  An interest, whether vested or not, that the debtor has in a retirement plan or fund to the extent of:
>   (A)  contributions, or portions of contributions, that were made to the retirement plan or fund by or on behalf of the debtor or the debtor's spouse:
>   (i) which were not subject to federal income taxation to the debtor at the time of the contribution; or
>   (ii) which are made to an individual retirement account in the manner prescribed by Section 408A of the Internal Revenue Code of 1986;
>   (B)  earnings on contributions made under clause (A) that are not subject to federal income taxation at the time of levy; and
>   (C)  roll-overs of contributions made under clause (A) that are not subject to federal income taxation at the time of the levy.

Ind Code §34-55-10-2(c)(6) exempts IRA's and Roth IRA's from the reach of creditors, including a bankruptcy trustee. Its focus is on *the debtors' interest in* retirement plans,

---

[5] $4254.00 times 76% is $3233.04.

5

not a debtor's interest in pension monies already paid to him.  Former Ind Code §34-2-28-1(a)(6) did exempt "an interest the judgment debtor has *in a pension fund,* a retirement fund, an annuity plan, an individual retirement account, or a similar fund, either private or public", but this statute was repealed, effective July 1, 1998 and replaced by Ind Code §34-55-10-1, et seq.   The reference to an exemption of a debtor's interest in a  "pension fund" did not survive.  Perhaps that was so since at least one court in Indiana had determined that the former exemption of a debtor's interest in a pension fund could also include a debtor's interest in an ERISA [6] qualified plan and therefore that exemption was preempted by ERISA.  See, *Matter of Van Meter*, 137 B.R. 908 (Bankr. N. D. Ind. 1992); but see, In re Garvin, 129 B.R. 598 (Bankr. S. D. Ind. 1991).

  The Debtors cite the *Patterson* case [7], but that is no help to them.  *Patterson* held that the term "applicable nonbankruptcy law" as used in 11 U.S.C. §541(c)(2) referred to not only "state law" but also applicable nonbankruptcy federal law.  As such, the Supreme Court determined that a debtor's interest in an ERISA qualified plan was not property of the estate for §541(c)(2) purposes.  However, what was at issue there was exclusion from the estate of the debtor's *interest in the pension plan*, not the debtor's interest in funds already paid to him from the pension plan.

  The Debtors also cite the *Perkins* case. [8]  In that case, Judge Buchanan of the Indiana Court of Appeals likened pension benefits to social security benefits and held

---

[6] The Employee Retirement Income Security Act of 1974.

[7] *Patterson v. Shumate*, 504 U.S. 753, 112.S.Ct. 2242 (1992).

[8] *Perkins v. Kocher*, 531 N.E.2d 231 (Ind. App. 1988).

that the pension benefits the judgment debtor *was paid and received* from his General Motors pension plan were exempt from garnishment, attachment and legal process. See, 531 N.E.2d at 234.  However, a year later, Judge Buchanan "retreated" from that position and held that benefits received from a pension plan were more akin to benefits received pursuant to a spendthrift trust, not social security benefits, and therefore were *not* exempt from garnishment once in the hands of the recipient.  See, *Brosamer v. Mark*, 540 N.E.2d 652 (Ind. App. 1989), *aff'd* 561 N.E.2d 767, 771 (Ind. 1990) ("There is nothing to indicate that Congress intended to provide pension beneficiaries a shield against the legitimate demands of creditors....We refuse to stretch ERISA to make Brosamer and other beneficiaries like him judgment proof".)  See also, *Guidry v. Sheet Metal Workers National Pension Fund*, 39 F.3d 1078, 1083 (10th Cir. 1994) (benefits covered by ERISA were not exempt from garnishment once they were paid to and received by beneficiaries).

      The Court does not have the benefit of reviewing the terms of the pension plan of Indiana U.F.C.W. Union Locals and Retail Food Employers since it was not introduced into evidence.  Apparently, it contains the requisite anti-alienation provisions to be qualified under ERISA and the Trustee has not argued otherwise.  Under *Patterson,* the Debtors' *interests in the plan* are exempt, but under *Brosamer* and *Guidry* , the *monies already paid* to the Debtors pursuant to the plan are not.  Thus, the Trustee's objection to the exemption of the portion of the refund attributable to the Pension Income is SUSTAINED.

7

### *III. Order*

Accordingly, the Court OVERRULES the Trustee's objection with respect to the refund attributable to the Social Security Income and orders that $1020.96 of the refund is exempt and shall not be turned over to the Trustee.

The Court SUSTAINS the Trustee's objection with respect to the refund attributable to the Pension Income and orders that $3233.04 of the refund is not exempt. However the Debtors filed this case on August 16, 2005, and therefore their 2005 refund is attributable to all income earned during the entire year of 2005. [9] Therefore, only that portion of the refund attributable to the Pension Income that was earned prepetition is subject to turnover to the Trustee. That portion figures to be $2010.62 [10]. The Debtors are entitled to a collective exemption of $600. Therefore, the Court ORDERS that the Debtors turn over the sum of $1410.62 to the Trustee within thirty (30) days of the date of this order.

# # #

Distribution:

Richard Mann, Attorney for the Debtors
Paul D. Gresk, Chapter 7 Trustee
Nancy J. Gargula, United States Trustee

---

[9] The Debtors' 2005 state and federal tax returns indicate that the Debtors' 2005 tax year ended on December 31, 2005.

[10] August 16, 2005 - the Petition Date – was the 228th day of 2005, so 227 days preceded the Petition Date. Thus, the Trustee is entitled to 227/365 – or 62.19% of the non exempt portion of the refund and 62.19% of $3233.04 is $2010.62. The same result is arrived at by taking the entire refund ($4254), multiplying it by 62.19% to arrive at the amount of the refund attributable to prepetition income ($2645.56) and then taking that number and multiplying it by 76%, the portion attributable to the Pension Income. The result is $2010.62.